UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LUIS ALEXANDER PEROZA MEJIA,

          Petitioner,

v.

KEVIN RAYCRAFT et al.,

          Respondents.

_____/

Case No. 1:26-cv-1509

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I.    Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.12.) In an Order entered on May 12, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the April 27, 2026, bond hearing on May 15, 2026, (Resp., ECF No. 5; Recording of Apr. 27, 2026,

Bond Hearing, filed on May 15, 2026), and Petitioner filed his reply on May 19, 2026, (ECF No. 6).

## II.    Factual Background

Petitioner is a citizen of Venezuela who entered the United States in 2023. (Pet., ECF No. 1, PageID.5.) On February 1, 2026, ICE arrested Petitioner. (*Id.*)

On April 6, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Perozo Mejia v. Raycraft* (*Perozo Mejia I*), No. 1:26-cv-1117 (W.D. Mich.). In *Perozo Mejia I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Perozo Mejia I*, (W.D. Mich. April 21, 2026), (ECF Nos. 7, 8).

On April 27, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Resp., ECF No. 5, PageID.29.) At that hearing, Petitioner presented evidence showing he has a pending asylum application, work authorization, a car registered in his name, and two sisters who live in the United States. (Recording of Apr. 27, 2026, Bond Hearing, at 4:40–5:55, filed on May 15, 2026.) Petitioner also proffered evidence of pledges from two U.S. citizens who are willing to serve as Petitioner's sponsors. (*Id.* at 6:40–7:13.) Near the conclusion of the April 27, 2026, hearing, the immigration judge ruled that the burden of proof was on Petitioner.[1] (*Id.* at 14:29–15:00). After taking the issue under advisement, the immigration court issued a written order, stating, in part,

---

[1] Specifically, in an exchange between Petitioner's counsel and the immigration judge, Petitioner's counsel asked, in relevant part: "is that then, that follows the DOJ regulations, that means the burden is on [Petitioner], is that right?" (Recording of Apr. 27, 2026, Bond Hearing, at 14:50–14:56, filed on May 15, 2026.) In response, the immigration judge stated: "that's the court's understanding." (*Id.* at 14:56–14:58.)

"the bond record fails to demonstrate the [Petitioner] is not a flight risk. The Court finds the [Petitioner] is a flight risk and that no monetary bond would mitigate any risk of flight. Accordingly, the [Petitioner]'s request for a bond is denied." (Immigration Judge Order, ECF No. 1-1, PageID.19.)

### III.    Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### Conclusion

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or

denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:       May 27, 2026            /s/ Jane M. Beckering
                                     Jane M. Beckering
                                     United States District Judge